# Court of Appeals
# of the State of Georgia

ATLANTA,  November 14, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0648. CHERIE CURMLEY v. WAH11 32HUNDRED LENOX, LLC.

WAH11 32Hundred Lenox, LLC ("WAH11") filed a dispossessory action against Cherie Curmley in state court, and Curmley filed an answer and counterclaim. On September 13, 2023, the trial court entered a "Consent Order and Judgment" ruling that WAH11 was entitled to a writ of possession, and Curmley was voluntarily dismissing her counterclaim. In the order, the court stated, "As this order is by consent, the parties agree and understand that this order is not subject to appeal. [Curmley] consented to the terms of this order in open court." Nevertheless, on December 1, 2023, Curmley filed a notice of appeal to this Court. We lack jurisdiction.

Pretermitting whether Curmley may appeal from an order to which she consented, the appeal is untimely. Appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56 (b) (1); *Stubbs v. Local Homes, LLC*, 375 Ga. App. 513, 514 (915 SE2d 91) (2025). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Yanes v. Escobar*, 362 Ga. App. 896, 898 (870 SE2d 506) (2022).

Because Curmley filed this appeal nearly three months after entry of the consent order, it is untimely and is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___11/14/2025_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*